QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Bruce E. Van Dalsem (Bar No. 124128)
  (brucevandalsem@quinnemanuel.com)
  Daniel C. Posner  (Bar No. 232009)
  (danposner@quinnemanuel.com)
  Alex Bergjans (Bar No. 302830)
  (alexbergjans@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff
Wire Swiss GmbH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIRE SWISS GmbH, a Swiss corporation;<br><br>          Plaintiff,<br><br>      v.<br><br>QUIET RIDDLE VENTURES, LLC d/b/a  OPEN WHISPER SYSTEMS; and MOXIE MARLINSPIKE aka MATTHEW ROSENFELD and/or MIKE BENHAM, an individual,<br><br>         Defendants. | CASE NO. 2:16-cv-2340<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT; EXTORTION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Wire Swiss GmbH ("Wire Swiss") alleges against defendants Quiet Riddle Ventures LLC dba Open Whisper Systems ("Open Whisper Systems") and Moxie Marlinspike, aka Matthew Rosenfield and/or Mike Benham ("Marlinspike," and collectively with Open Whisper Systems, "Defendants"), as follows:

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgment of non-infringement of copyright.  As alleged in further detail below, Defendants claim copyright in certain open-source software code used for encrypting data communications.  Through Marlinspike, Defendants have accused Wire Swiss' own implementation of encryption software of infringing upon Defendants' alleged copyright and, under threat of "publicly exposing" the alleged infringement to the software developer community, demanded that Wire Swiss pay Defendants an exorbitant "license" fee.

2.      When Defendants claimed infringement, Wire Swiss repeatedly asked Defendants to state which portion of the Open Whisper Systems' code they claimed to have been infringed.  Defendants refused, yet repeated their threat to publicly disclose their claims to the developer community unless paid by Wire Swiss.  Even though Defendants refuse to explain the basis of their claim, they persist in their claim that Wire Swiss is infringing upon their software code.

3.      On April 5, 2016, the motivation for Defendants' baseless claims of infringement and their attempted extortion of Wire Swiss became clear.  Defendants announced the integration of their encryption software—which they recently rebranded as the "Signal Protocol," and which, on information and belief, is already being used in Defendants' messaging app called "Signal"—into another well-known messaging app, called WhatsApp.  Wire Swiss' own secure messaging protocol, which allegedly infringes the Signal Protocol, presents a plain competitive threat to the Signal Protocol, hence Defendants' attempts to squash that threat concurrent with the rollout of their new integration of their software.

4.      While Defendants have engaged in unfair business practices to damage Wire Swiss' product, Wire Swiss has done nothing wrong, and there is no copyright infringement.  Accordingly, Wire Swiss seeks a declaratory judgment that Wire Swiss has not infringed upon any valid copyright owned by Defendants, and further seeks damages and other appropriate relief for Defendants' civil extortion.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this claim pursuant to the Copyright Act, 17 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331 and 1338(a) in that this is an action arising under, and requires interpretation of, the Copyright Act. There is also complete diversity of citizenship and, based on Defendants' demand, which is described below, the amount in controversy exceeds $75,000, exclusive of interest and costs.  This action is also brought under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants' alleged claim of copyright infringement arose in this District based upon the sale, transmission, and use of purportedly infringing software in this District, and because Defendants allege continuing infringement in this District.

7.      Personal jurisdiction over Defendants is proper because, among other reasons, Quiet Riddle Ventures, LLC dba Open Whisper Systems is a California limited liability corporation and conducts business in the State of California sufficient to subject it to the personal jurisdiction of this Court.  Plaintiffs are informed and believe that Marlinspike is a resident of the State of California.

## THE PARTIES

8.      Plaintiff Wire Swiss GmbH is a Swiss corporation with its principal place of business in Zug, Switzerland.  Founded in 2012, Wire Swiss is a software communications company that designs and develops a communications application

1   that enables users to write, talk, and share media with people on their smart phones,

2   tablets, and computers.

3        9.    Defendant Quiet Riddle Ventures, LLC dba Open Whisper Systems is a

4   California limited liability corporation that, upon information and belief, has its

5   principle place of business in Mountain View, California and does business in the

6   State of California.

7        10.    Defendant Marlinspike is an individual who, upon information and

8   belief, resides in California and does business in the State of California.  The name

9   Moxie Marlinspike is, on information and belief, a pseudonym for either Matthew

10  Rosenfeld or Mike Benham.  In committing the acts complained of herein,

11  Marlinspike was acting within the scope of his agency with Open Whisper Systems.

12  **FACTUAL ALLEGATIONS**

13  **Wire Swiss' Business**

14       11.    Wire Swiss is a software development company and, starting in 2012,

15  began engineering and developing software for an application to send and receive

16  text, voice, and video communications.  The Wire Swiss software code was

17  independently created based on publicly available, non-copyrightable, ideas and

18  information.  The Wire Swiss engineers and programmers wrote the software in the

19  Rust programming language.

20       12.    The Wire Swiss Software is published in large part as "open source"

21  software that is free and publicly available pursuant to the GNU General Public

22  License Version 3 ("GPL Version 3").

23       13.    In late 2014, Wire Swiss developed and released a free communications

24  application called "Wire" (the "Wire App").  The Wire App incorporates the Wire

25  Swiss Software, among other software.  The Wire App allows users to make fully

26  encrypted calls, video chats, and group conversations from their mobile devices,

27  including smart phones and tablets, as well as from desktop computers, including

28  through web applications.

-4-

14.    All communications made through the Wire App are end-to-end encrypted, which ensures that the user's conversations and information are private and secure from hacking or unwanted third-party data collection.

15.    Now more than ever, consumers are conscious and concerned about the security, integrity, and privacy of their personal communications.  By developing the Wire App, Wire Swiss has provided users with an application that contains cutting edge security features and protection along with an elegant and user-friendly interface.

**Alleged Infringement and Actual Extortion**

16.    On March 11, 2016, defendant Marlinspike sent Plaintiff's Chief Technology Officer, Alan Duric, an e-mail stating that he had "some concerns" with Wire.  The following day, on a telephone call with Duric, Marlinspike accused Wire Swiss of infringing the copyright in the Open Whisper Systems source code in which Marlinspike and/or Open Whisper Systems claim copyright.

17.    Defendants' software implements a cryptographic protocol known as "Axolotl" (the "OWS Software").  Open Whisper Systems and/or Marlinspike publishes the OWS Software as "open source" pursuant to GPL Version 3.  Under the terms of GPL Version 3, the OWS Software is free and publically available.  On information and belief, the OWS Software is integrated into a messaging app offered by Defendants called "Signal."

18.    Through subsequent telephone conversations and e-mails with Duric, Marlinspike reiterated his claim that the Wire Swiss Software infringed upon the copyright claimed by Defendants in the OWS Software.  While Marlinspike noted some general similarities between the code, he did not identify any portion of the OWS Software that is protectible by copyright and that he claims was copied by the Wire Swiss Software.  Additionally, Marlinspike represented that he and others conducted a security analysis of the Wire App, and that they discovered a "vulnerability," the details of which they have not disclosed to Wire Swiss.

-5-

19.    Through further communications, Duric, and then Plaintiffs' counsel, explained that the Wire Swiss Software was created independently by Wire Swiss software engineers and was based upon publicly available, non-copyrightable ideas and information.  Moreover, the OWS and Wire Swiss Software are written in different and distinct programming languages: OWS is written in Java, and Wire Swiss in Rust.

20.    Wire Swiss asked Marlinspike to provide additional information substantiating his assertion of infringement, such as a side-by-side comparison of the software source code that identified the allegedly infringing portions.

21.    In response, Marlinspike refused to explain what portion of the OWS code he claimed to have been copied.  Instead, he threatened to "make . . . public" his accusations of copyright infringement and the alleged unspecified "vulnerability" in the security of the Wire Swiss Software unless Wire Swiss paid him an unspecified "license" fee which, on information and belief, exceeds $2 million.  Marlinspike also claimed that he recorded one or more private telephone conversations with Duric, without Duric's consent, and implied that the contents of the recordings would be disclosed to the public.

22.    At no point has Marlinspike threatened to file suit based on his claims of infringement.  Rather, Defendants have repeatedly claimed that Wire Swiss is infringing upon their alleged copyright and, rather than seek redress in court, Defendants have threatened to "expose" Wire Swiss by disclosing to the public their allegations of infringement and the alleged security vulnerability unless Wire Swiss paid Defendants.

23.    On April 5, 2016, OWS publicly announced the integration of OWS's "Signal Protocol"—which, on information and belief, is the same software as, or incorporates, the OWS Software that Defendants allege was infringed, and which is used in Defendants' Signal app—into another well-known messaging application.  The timing of this announcement relative to Defendants' accusations of

-6-

COMPLAINT

infringement and threatened extortion is no coincidence:  the Wire Swiss Software implementation represents a competitor of the Signal Protocol that Defendants are seeking to damage at the same time they are promoting a new use of their software.

24.     Defendants' attempts to harm Wire Swiss through their baseless claims of infringement and unlawful acts of extortion are improper and unlawful in themselves.  A declaratory judgment should issue to confirm Wire Swiss' rights to use the Wire Swiss Software and Defendants should be held liable for attempting to extort Wire Swiss.

## FIRST CLAIM FOR RELIEF

### (Against All Defendants For

### Declaratory Judgment of Non-Infringement)

25.     Wire Swiss hereby incorporates each and every allegation contained in Paragraphs 1 through 24 above.

26.     Defendants claim copyright in the OWS Software.  Defendants allege that Wire Swiss has infringed, and continues to infringe, upon Defendants' purported copyright as alleged.

27.     Wire Swiss denies that it has infringed upon any valid copyright, or portion thereof, owned by Defendants.

28.     An actual controversy has arisen and now exists between Wire Swiss and Defendants concerning Defendants' claim that Wire Swiss has infringed, and continues to infringe, Defendants' alleged copyright in the OWS Software.

29.     Wire Swiss desires a judicial determination of its rights and duties and a judgment declaring that Wire Swiss has not infringed upon any copyright owned by Defendants.

30.     A judicial determination is necessary and appropriate at this time under the circumstances in order for the parties to ascertain their rights and obligations.

## SECOND CLAIM FOR RELIEF

### (Against All Defendants For Civil Extortion)

31.    Plaintiff hereby incorporates each and every allegation contained in Paragraphs 1 through 30 above.

32.    As set forth above, Defendants have accused Wire Swiss of infringing Defendants' alleged copyright in the OWS Software.  Defendants have refused, however, to identify the code they allege to have been copied or identify any harm or damage they have suffered.  Nor have Defendants threatened to assert any legal action for copyright infringement.

33.    Instead, Defendants, through Marlinspike, have demanded that Wire Swiss pay Defendants a purported "license" fee.  Defendants have further threatened that if Wire Swiss does not pay this sum, Defendants will publicly expose private information regarding the Wire Swiss Software, including Defendants' unsubstantiated claim of copyright infringement and the alleged security vulnerability in the Wire Application.  Defendants have further implied that they would publicly disclose private telephone communications between Marlinspike and Duric that Marlinspike alleges to have recorded, without the knowledge, authorization or approval of Duric.

34.    Defendants' threats to publicly expose private information about Wire Swiss and the Wire Swiss Software unless Wire Swiss accedes to their exorbitant demand for the payment of money constitutes extortion under Cal. Penal Code § 518.

35.    As a result of Defendants' extortion, Wire Swiss has suffered, and will continue to suffer, damages in an amount to be proven at trial.  Wire Swiss seeks compensation for all damages and losses caused by Defendants' extortion.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

1.      For a declaratory judgment declaring that Wire Swiss has not infringed upon any copyright owned by Defendants;

2.      For an award of attorney's fees pursuant to Section 505 of the Copyright Act and for costs;

3.      For an award of actual damages in an amount to be proven at trial;

4.      For an award of punitive damages;

5.      For reasonable costs;

6.      For pre and post-judgment interest as applicable; and

7.      For such other and further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a jury trial on all issues triable thereby.

DATED:  April 6, 2016              QUINN EMANUEL URQUHART & SULLIVAN, LLP

By

Bruce E. Van Dalsem
Attorneys for Plaintiff

COMPLAINT